[Cite as *Perry v. Davis*, 2014-Ohio-3954.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

MARLA J. PERRY                                 :

    Plaintiff-Appellee                       :            C.A. CASE NO.    2014 CA 13

v.                                             :            T.C. NO.    12CV295

DELBERT DAVIS, et al.                          :               (Civil appeal from
                                          Common Pleas Court)

    Defendants-Appellants                    :

                                              :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____12th_____ day of _____September_____,
2014.

. . . . . . . . . .

ANN M. CURRIER, Atty. Reg. No. 0082305, 4 W. Main Street, Suite 723, Springfield,
Ohio 45502
    Attorney for Plaintiff-Appellee

DARRELL L. HECKMAN, Atty. Reg. No. 0002389, One Monument Square, Suite 200,
Urbana, Ohio 43078
    Attorney for Defendants-Appellants

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}     Delbert and Karen Davis appeal from a judgment of the Champaign County

Court of Common Pleas, which resolved a property dispute between the Davises and their

neighbor, Marla Perry. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2} Perry and the Davises have been involved in a protracted dispute involving the exact location of the property line between their adjoining properties on West Pike Street in the Village of Christianburg and the Davises' apparent intention to erect a shed near that property line.

{¶ 3} In September 2012, Perry filed a complaint for declaratory judgment related to the location of the property line and for injunctive relief related to construction that the Davises were undertaking on their property; Perry asserted that the construction encroached on her property. In December 2012, after a hearing at which two surveyors presented conflicting conclusions about the location of the property line, the trial court entered a judgment which "divide[d] the disputed land in half" and awarded one half to each party, essentially drawing a new property line. The Davises appealed.[1]

{¶ 4} In September 2013, this court reversed the trial court's judgment, finding that the court's decision to divide "the disputed wedge of property in half" was arbitrary and unsupported by the evidence and that the trial court's resolution of the dispute had created a manifest miscarriage of justice. *Perry v. Davis*, 2d Dist. Champaign No. 2013 CA 6, 2013-Ohio-4078, ¶ 43. Moreover, after implicitly finding that the techniques and conclusions of one surveyor, Wallace Lynn Geuy, more closely adhered to the standards for boundary surveys established by the Ohio State Board of Registration for Professional

---

[1] The trial court's December 2012 decision also stated: "Defendant [the Davises] cannot put a shed or building closer than five (5) feet to the new property line." This statement appears to have been based on the court's reading of Christianburg ordinances, which were referenced in the previous sentence. The Davises did not dispute this finding in the previous appeal.

Engineers and Surveyors, the Ohio Administrative Code, and case law on this issue, we remanded the matter to the trial court with instructions to issue an entry consistent with Geuy's survey of the property boundary. *Id.*

{¶ 5}    On remand, a hearing was held before a magistrate in February 2014. The parties were not present at the hearing, but their attorneys indicated that, based on "the new property line" (using Geuy's survey), a new dispute had arisen between the parties, which related to the Davises' intent to erect a shed within a few inches of the property line. Perry's attorney asserted that the shed should be five feet off of the boundary line, as the previous judgment provided, based on the Christianburg zoning ordinances.[2] Defense counsel agreed with this statement and, based on this agreement, stated that he did not think there were any unresolved issues between the parties. Defense counsel described the metal "rusted" shed as "a moveable shed. It's a piece of junk is what it is." Counsel and the court agreed at the hearing that an entry should be drafted indicating that the shed would be placed five feet from the boundary line, and that any violation of this order would be addressed through a contempt action.

{¶ 6}    On February 25, 2014, the magistrate filed a decision, which stated that: 1) the boundary line of the property was fixed pursuant to Geuy's survey, which was attached as an exhibit; 2) "[i]n accordance with the Christianburg Building and Zoning Code, any shed or other structure, or any portion thereof, erected on [the Davises'] property is to be located no less than five (5) feet from Geuy's boundary line"; 3) the court's previous finding

---

[2]A concrete pad for the shed was already in place at the time of the court's prior judgment, within five feet of the boundary, and the court had previously ruled that the presence of the pad within the setback did not violate the village ordinances.

that the concrete pad did not violate the village ordinances remained in effect; and 4) any violation of provisions 1-3 would be addressed in a contempt proceeding.

{¶ 7} Neither party filed any objections. On February 26, 2014, the trial court adopted the magistrate's decision.

{¶ 8} The Davises appeal from the judgment of the trial court, raising two assignments of error. The assignments state:

**The trial court erred in finding that no shed or any other structure may be located within five (5) feet of the property line.**

**The trial court erred in implicitly finding that a small portable storage shed is a building.**

{¶ 9} The Davises argue that the Christianburg ordinances' requirement of a five-foot setback uses the term "building," rather than "shed" or "structure," and that their small shed did not satisfy the definition of a building.[3] Their argument emphasizes the "portability" of the shed. The Davises also claim that the Christianburg building inspector has determined that the shed is not a building and that it did not require a building permit, but there is no evidence in the record to support these assertions.

{¶ 10} Having reviewed the record, we conclude that two factors are central to the resolution of this appeal, and neither factor requires us to address the Davises' arguments regarding the substantive requirements of the Christianburg ordinances.

{¶ 11} First, the magistrate's decision accurately reflects the parties' agreement at the February 20, 2014 hearing. At the hearing, the Davises' attorney stated that "[w]e [the

---

[3]The word "building" is not defined in the ordinances.

Davises] just need to make sure [the shed is] 5 feet off the line I guess. I would imagine that that part of the Court's [prior] order should remain intact. * * * I think the Court could go ahead and do a journal entry indicating that the shed or building has to stay 5 feet away from the property line." The attorneys agreed that the parties would select a surveyor to mark the boundary line and the five-foot setback and that any violation of the agreement would be addressed through contempt proceedings.

{¶ 12} Because of this agreement, neither the parties nor the court addressed the question of whether the shed the Davises intended to install met the definition of a building under the village ordinances. The Davises' assertion on appeal that the shed is not a "building" and should not be required to be placed five feet from the property line is an issue about which no evidence was developed and is inconsistent with the agreed resolution of the case in the trial court. Because they agreed to the terms that were incorporated into the magistrate's decision, the Davises cannot now claim that the trial court erred in adopting these terms.

{¶ 13} Further, with respect to a magistrate's decision, Civ.R. 53(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." *See also State ex rel. Booher v. Honda of Am. Mfg., Inc.*, 88 Ohio St.3d 52, 53-54, 723 N.E.2d 571 (2000); *McLaughlin v. OhioHealth Corp.*, 10th Dist. Franklin No. 02AP-492, 2002-Ohio-6836, ¶ 7-8. The Davises did not file any objections to the magistrate's

decision. They also have not alleged – and we find no basis to conclude – that it was plain error for the trial court to adopt the magistrate's decision.

{¶ 14} Having found that the Davises agreed to the terms contained in the magistrate's decision and that they failed to object to that decision, as provided by Civ.R. 53(D), the assignments of error are overruled.

{¶ 15} The judgment of the trial court will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Ann M. Currier
Darrell L. Heckman
Hon. Nick A. Selvaggio